IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-02552-BNB

CESAR GRAJEDA,

    Applicant,

v.

RON WILEY, Warden,

    Respondent.

---

ORDER DRAWING CASE

---

    Applicant, Cesar Grajeda, is in the custody of the Federal Bureau of Prisons (BOP) at the Federal Prison Camp in Florence, Colorado.  Mr. Grajeda, through counsel, has filed an Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. # 4].  He has paid the $5.00 filing fee.

    On October 22, 2013, Magistrate Judge Boyd N. Boland entered an order [Doc. # 5] directing Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action.  On November 12, 2013, Respondent filed a preliminary response [Doc. # 11] asserting that this action should be dismissed for failure to exhaust administrative remedies.  Mr. Grajeda filed a Reply on November 18, 2013. [Doc. # 12].

**I.**    **Factual and Procedural Background**

    Mr. Grajeda is serving a 60-month sentence imposed by the United States

District Court for the District of New Mexico in June 2010 for Conspiracy to Violate 21 U.S.C. § 841(a)(1) and (b)(1)(B). [Doc. # 11-1, Declaration of Cassandra L. Grow, at ¶ 5, and attach. 2, at 12]. The federal court ordered Applicant's sentence to run concurrently with the sentence imposed in the District Court of Jefferson County, Colorado, Case 07CR2377. [*Id.*, Grow Decl., at ¶ 6, and attach 3, at 16]. According to the BOP's records, Applicant has a projected release date of September 17, 2014, via good conduct time release, with application of a *nunc pro tunc* designation and applicable prior custody credit. [*Id.*, Grow Decl., at ¶ 7, and attach. 2, at 11].

In the Amended Application, Mr. Grajeda claims that the BOP has failed to consider his request for *nunc pro tunc* designation of two Colorado state facilities for service of 572 days of his federal sentence, in accordance with applicable statutes and the BOP's rules and regulations. For relief, he asks the Court to order the BOP to reconsider his request in a fair and impartial manner.

**II.     Exhaustion of Administrative Remedies**

Respondent asserts that the Application should be dismissed because Mr. Grajeda has failed to exhaust the BOP's administrative remedy procedure, [Doc. # 11, at 4-8; Doc. # 11-1, Grow Decl., at ¶¶ 14-15], which the Applicant disputes. He also argues that to the extent the Court concludes otherwise, the exhaustion requirement should be excused because he will be harmed irreparably if the Court does not reach the merits of his Amended Application at this time. Mr. Grajeda emphasizes that if he were to prevail on his claim today, he will have already been incarcerated approximately

nine months past his adjusted release date.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The exhaustion requirement is satisfied through proper use of the available administrative procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).  A "narrow exception to the exhaustion requirement applies if a petitioner can demonstrate that exhaustion is futile." *Garza*, 596 F.3d at 1203.

The BOP administrative remedy procedure is available to federal prisoners to seek formal review of an issue relating to any aspect of confinement. *See* 28 C.F.R. § 542.10(a).  Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally at the institution and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals.  *See generally* 28 C.F.R. §§ 542.13 - 542.15.

Applicant did not follow the administrative remedy procedure set forth in Title 28 of the Code of Federal Regulations.  Instead, on November 13, 2012, Mr. Grajeda's counsel submitted a letter to the BOP Regional Director of the mid-Atlantic region, where Applicant was then incarcerated, requesting a *nunc pro tunc* designation of two state facilities as places where Applicant could serve a total of 572 days of his federal sentence.  [*See* Doc. 11-1, Grow Decl., at ¶ 16, and attach. 5, at 23-30].   Applicant's

counsel cited 18 U.S.C. § 3621(b)[1] and BOP Program Statement (PS) 5160.05[2] in support of his request. [*Id.*].

The Regional Director of the mid-Atlantic Region forwarded Applicant's request for a *nunc pro tunc* designation to the BOP's Designation and Sentence Computation Center (DSCC) in Grand Prairie, Texas. On March 4, 2013, the DSCC advised Applicant's counsel that Mr. Grajeda's request was denied because the 572 days of requested prior custody credit had already been credited against Applicant's state sentence. [Doc. # 11-1, Grow Decl., at ¶ 17, and attach. 6, at 32]. The DSCC letter did not advise Mr. Grajeda of any right to appeal the DSCC's decision. [*Id.*].

Respondent argues that Mr. Grajeda has not exhausted administrative remedies because he failed to employ the procedures set forth in 28 C.F.R. §§ 542.13 - 542.15. For his part, Mr. Grajeda, relying on *McCarthy v. Warden USP Florence*, No. 08-cv-00961-REB, 2010 WL 2163781 (D. Colo. May 26, 2010) (unpublished), contends that he has satisfied the administrative exhaustion requirement because he complied with the directives of PS 5160.05, and the Program Statement does not provide any appeal rights from the BOP's decision to deny a request for *nunc pro tunc* designation.

In *McCarthy*, the court recognized:

---

[1] Section 3621(b) authorizes the BOP to designate the place of a prisoner's confinement, based on the consideration of specified criteria.

[2] PS 5160.05 provides, in relevant part: "The Bureau's authority to designate a state institution for concurrent service of a federal sentence is delegated to Regional Directors." BOP PS 5160.05 § 8. A prisoner may request that BOP designate his state prison facility as the place of his federal confinement regardless of whether he is in state or federal custody. *See id.* § 9(b)(4)(b).

> PS 5160.05 provides no appeal process for decisions made on *nunc pro tunc* designation requests, and Respondent provides no concrete examples as to how such an appeal would work.  Additionally, none of the cases reviewed by this Court indicate that the BOP either can or does take further action after it denies a *nunc pro tunc* designation request. This Court is satisfied that the letter issued by the BOP on November 25, 2007, constitutes final agency action for purposes of filing a federal habeas case.

*McCarthy*, 2010 WL 2163781, at *2.  *See also United States v. Dotson*, No. 11-6001, 430 F. App'x 679, 684 (10th Cir. July 13, 2011) (unpublished) (stating that the BOP provided an available administrative remedy in BOP PS 5160.05 §§ 8 and 9, by which a federal or state prisoner may request, through a BOP Regional Director, that the BOP designate his state prison facility as the place of his federal confinement) (and citing prisoner's efforts to exhaust administrative remedies in *U.S. v. Eccleston*, 521 F.3d 1249 (10th Cir. 2008)); *Mathena v. U.S.*, 577 F.,3d 943, 946 (8th Cir. 2009) (recognizing PS 5160.05 as providing administrative procedure for exhausting *nunc pro tunc* designation requests); *Blom v. Folino*, 201 F. App'x 899, 901, 2006 WL 3051794, at *1 (3rd Cir. 2006) (unpublished) (same).

The Court finds that Mr. Grajeda has exhausted an available administrative remedy, as set forth in BOP PS 5160.05, and was not required to comply with the procedures set forth in 28 C.F.R. §§ 542.13- 542.15.  As such, the Court does not reach Applicant's additional argument that he would be unduly prejudiced if this action was dismissed for failure to exhaust.  Accordingly, it is

ORDERED that the Amended Application shall be drawn to a district judge and to a magistrate judge.  It is

FURTHER ORDERED that Respondent show cause **within twenty-one (21) days from the date of this order** why the application for a writ of habeas corpus should not be granted.  It is

FURTHER ORDERED that **within twenty-one (21) days of Respondent's answer to the show cause order** Applicant may file a Reply.

DATED at Denver, Colorado, this   4th   day of    December        , 2013.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court