**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 13-cv-02552-REB

CESAR GRAJEDA,

      Applicant,

v.

RON WILEY, Warden, USP Florence ADMAX,

      Respondent.

---

## ORDER ON APPLICATION FOR WRIT OF HABEAS CORPUS

---

**Blackburn, District Judge**

      This matter is before me on the Application for a Writ of Habeas Corpus Pursuant to 29 U.S.C. § 2241 ("Application") [#4][1] filed October 21, 2013, by counsel for Applicant Cesar Grajeda.  On December 4, 2013, Respondent was ordered to show cause why the Application should not be granted.  Respondent filed a "Response to Order to Show Cause" ("Response") [#17], and Applicant filed "Cesar Grajeda's Reply to the Respondent's Response to the Order to Show Cause" ("Reply") [#18].  After reviewing the pertinent portions of the record in this case including the Application, the Response, and the Reply, I conclude that the Application should be denied.

## I.  BACKGROUND

      Applicant is a federal prisoner confined at Florence Federal Correctional Complex in Florence, Colorado.  Applicant is challenging his sentence computation by

---

[1] [#4] is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF).  I use this convention throughout this order.

the Bureau of Prisons ("BOP").  As relief, he seeks an order requiring the BOP to consider Applicant's *nunc pro tunc* request for 572 days of presentence credit against his federal sentence.

The record establishes the following facts:

1.  On or about October 4, 2007, Applicant was arrested by local law enforcement officers in Jefferson County, Colorado, for distribution of marijuana.  [#17-1 at 9].  He remained in state custody until October 8, 2007.  [*Id.* at 2; #11-1 at 26].

2.  On September 13, 2008, Applicant was arrested by agents of the Drug Enforcement Administration, and a criminal complaint was filed against him in the United States District Court for the District of New Mexico charging him with conspiracy to distribute in excess of 100 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1) & (b)(1)(B).  [#17-1 at 11, 14].  He was released from federal custody nine days later on September 22, 2008.  [*Id.* at 12].

3.  On or about November 12, 2008, Applicant was taken into state custody to await sentencing for the state marijuana offense in *People v. Grajeda,* 07-CR-2877 (District Court, Jefferson County, Colorado).  [#11-1 at 13, 26].  On November 24, 2008, he was sentenced to a prison term of four years in the custody of the Colorado Department of Corrections ("CDOC") and three years of mandatory parole.  [#17-1 at 9].

4.  On March 13, 2009, while Applicant was in CDOC custody serving his state sentence, federal authorities assumed temporary custody of Applicant pursuant to a writ of habeas corpus ad prosequendum.  [#17-1 at 11].  Applicant pleaded guilty in federal court to conspiracy to distribute marijuana.  [*Id.* at 16].

5.  On June 2, 2010, the United States District Court for the District of New

Mexico sentenced Applicant to a sixty-month term of imprisonment in the custody of the BOP to run concurrently with his state sentence.  [*Id.* at 11, 16-17].  Following his federal sentencing, Applicant was returned to CDOC custody on June 16, 2010.  [*Id.* at 11-12].

6.  On August 10, 2011, Applicant completed his state prison term, was released from CDOC custody, and was placed in the custody of the BOP pursuant to a federal detainer.  [#17-1 at 12].

7.  On August 15, 2011, the BOP determined that Applicant's federal sentence commenced on the date it was imposed, June 2, 2010 and made a *nunc pro tunc* designation of the CDOC facility as of June 2, 2010, for concurrent service of his federal sentence.  [#17-1 at 22, 24].  Based on this calculation and good time, Applicant's projected release date is September 17, 2014.   [*Id.* at 24].

8.  On November 13, 2012, Applicant's attorney wrote a letter to the BOP Mid-Atlantic Regional Office requesting a *nunc pro tunc* designation of the CDOC facility for concurrent service of Applicant's federal sentence.  [#11-1 at 25-30].  In the letter, Applicant's attorney acknowledged that the BOP had already given Applicant prior custody credit for the period Applicant was in federal custody following his arrest by federal agents (September 13, 2008 to September 22, 2008).  [*Id.* at 25].  Moreover, Applicant's attorney also recognized that the BOP had given credit against Applicant's federal sentence for the time Applicant remained in CDOC custody following the imposition of his federal sentence (June 2, 2010 to August 26, 2011).  [*Id.* at 25-26; #4 at 4].  Applicant's attorney then sought a *nunc pro tunc* designation for 572 days of time served while Applicant was in state custody prior to the imposition of the federal

3

sentence as follows:

> (a) Five (5) day credit for the period Applicant was in state custody following his arrest for distribution of marijuana (October 3, 2007 to October 8, 2007);

> (b) Eleven (11) day credit for the period Applicant was in state custody awaiting sentencing for the state offense (November 12, 2008 to November 23, 2008);

> (c) One hundred and ten (110) day credit for the period Applicant was in state custody serving his state sentence (November 24, 2008 to March 12, 2009); and

> (d) Four hundred and forty-six (446) day credit for the period Applicant was borrowed by federal authorities pursuant to writ of habeas corpus ad prosequendum to attend his federal criminal proceedings in New Mexico (March 13, 2009 to June 1, 2010).

[#11-1at 26].

9.  On March 4, 2013, the BOP's Designation and Sentence Computation Center ("DSCC") responded to Applicant's attorney explaining that Applicant had been granted *nunc pro tunc* designation as of June 2, 2010, the day Applicant was sentenced in federal court.  [#11-1 at 32].  The DSCC "verified that the state court ordered 16 days of pre-sentence custody as credited towards the state sentence.  There was an additional 12 days of prior custody credit from the pre-sentence custody that was awarded towards the federal sentence that was not credited by the state (Willis credit)."  [*Id.*]. The letter concluded by stating that 18 U.S.C. § 3585(b) "preclud[ed] the application of prior custody credit for time that had been credited against another sentence" and, accordingly, Applicant's detention prior to the imposition of his federal sentence was "not creditable toward the federal sentence."  [*Id.*].

In the Application, Applicant primarily argues that the BOP is required to examine and consider his request for *nunc pro tunc* designation of 572 days of pre-sentence custody during which Applicant was in the primary custody of CDOC serving his state

4

sentence.  Applicant claims that the *nunc pro tunc* review is authorized, and, in fact, required by federal rules, statutes, and case law, including *Reynolds v. Thomas,* 603 F.3d 1144, 1150 (9th Cir. 2010) (holding that BOP acted within its broad discretion to grant or deny a request for *nunc pro tunc* relief after full and fair consideration); *McCarthy v. Doe,* 146 F.3d 118, 123 (2nd Cir. 1998) (holding that BOP failed to properly consider applicant's request for *nunc pro tunc* designation); and *Barden v. Keohane,* 921 F.d 476, 478 (3rd Cir. 1990) (holding that prisoner was entitled to have BOP consider request for purposes of determining whether he was entitled to credit against federal sentence for time spent in state custody).  Applicant also refers to United States Sentencing Guideline §5G1.3 to support his argument that the BOP consider his *nunc pro tunc* request.

## II.  LEGAL STANDARDS

### A.  28 U.S.C. § 2241

An action brought by a federal prisoner pursuant to 28 U.S.C. § 2241 is one that challenges the execution of a sentence "and the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez,* 411 U.S. 475, 484, 93 S. Ct. 1827, 36 L.E.2d 439 (1973); *see also McIntosh v. United States Parole Comm 'n,* 115 F.3d 809, 811 (10th Cir. 1997); *Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir. 2001) ("A motion pursuant to § 2241 generally . . . [includes] such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions.").

A challenge to the calculation of a federal prison sentence is properly brought under 28 U.S.C. § 2241.  *See Bloomgren v. Belaski*, 948 F.2d 688 (10th Cir. 1991); *see*

*also United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010) (construing

petitioner's request for *nunc pro tunc* designation of his state facility for service of

federal sentence as a habeas corpus petition under 28 U.S.C. § 2241).

### B. Computation of Federal Sentence Under 18 U.S.C. § 3585

Computation of a federal prison sentence is governed by 18 U.S.C. § 3585. That

statute provides as follows:

> (a) Commencement of sentence.—A sentence to a term of imprisonment
> commences on the date the defendant is received in custody awaiting
> transportation to, or arrives voluntarily to commence service of sentence
> at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the
> service of a term of imprisonment for any time he has spent in official
> detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was
>> imposed; or
>>
>> (2) as a result of any other charge for which the defendant
>> was arrested after the commission of the offense for which
>> the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585.  *See also Binford v. United States*, 436 F.3d 1252, 1254 (10th Cir.

2006) (computation of a federal sentence requires consideration of two separate issues:

(1) the commencement date of the federal sentence, and (2) the extent to which a

defendant can receive credit for time spent in custody prior to commencement of his

sentence).  The Attorney General, through the BOP, is responsible for making the

sentence calculation contemplated by § 3585.  *See United States v. Wilson*, 503 U.S.

329, 334, 112 S. Ct. 1351, 117 L.E.2d 593 (1992).

Section 3585(b) allows an inmate to use time served in custody prior to the

imposition of that sentence when the custody was "(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."  This last clause provides that prior time spent in custody cannot be credited toward a federal sentence if it was used to satisfy another sentence.  The Supreme Court has made clear that inmates are not allowed to "double count" credit.  *See Wilson,* 503 U.S. at 337.

### C.  Concurrent or Consecutive Sentences Under 18 U.S.C. § 3584

While § 3585 governs calculation of a sentence by the BOP, § 3584 gives the federal sentencing court the power to impose a sentence that runs concurrently to a state sentence.  Section 3584 provides:

> (a) Imposition of concurrent or consecutive term.—If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to be run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

> (b) Factors to be considered in imposing concurrent or consecutive terms.—The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).

> (c) Treatment of multiple sentence as an aggregate.—Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

18 U.S.C. § 3584.

Thus, a federal district court has discretion under § 3584(a) to run a defendant's

federal sentence either concurrently with or consecutively to the *undischarged* term of his state sentence. 18 U.S.C. § 3584(a) (emphasis added); *see e.g., United States v. Candelas,* No. 10-5089, 411 Fed. Appx. 190, 194 (10th Cir. Feb. 9, 2011) (unpublished) (recognizing federal district court's discretion to impose federal sentence that runs consecutively or concurrently to an *undischarged* state sentence).

### III. ANALYSIS

#### A. Commencement of Applicant's Federal Sentence

As noted above, Section 3585(a) states that a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." Moreover, a federal sentence "cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *United States v. Flores,* 616 F.2d 840, 841 (5th Cir. 1980); *DeMartino v. Thompson,* No. 96-6322, 116 F.3d 1489 (10th Cir. July 1, 1997) (unpublished) (citing *Flores*).

Applicant does not directly challenge the BOP's determination that his federal sentence commenced on the date it was imposed, June 2, 2010. [*See* #18 at 5-6]. In any event, such a challenge would lack merit. At the time of federal sentencing, Applicant was being held at a correctional center in New Mexico pursuant to a writ of habeas corpus ad prosequendum that had been issued by the United States District Court for the District of New Mexico to answer the federal charges against Applicant. [#17-1 at 11]. Applicant, however, was in the primary custody of CDOC authorities, serving his state sentence. Thus, Colorado did not relinquish its primary jurisdiction over

8

Applicant until he completed his state sentence in August 2011. *See Hernandez v. United States Attorney General,* 689 F.2d 915, 919-20 (10th Cir. 1982) (holding that where petitioner had simply been "borrowed" from state of Colorado pursuant to writ of habeas corpus ad prosequendum, he was not in federal custody); *see also Weekes v. Fleming,* 301 F.3d 1175, 1180 (10th Cir. 2002) ("[t]he sovereign that first acquires custody of a defendant in a criminal case is entitled to custody until it has exhausted its remedy against the defendant").

I find that the BOP's determination that Applicant's federal sentence commenced on June 2, 2010 is consistent with § 3585(a). Applicant's federal sentence commenced on the day it was imposed, as he was on that date still in the primary jurisdiction of the state of Colorado serving his state sentence. Moreover, his federal sentence could not start any earlier than the date on which it was imposed. *See Flores,* 616 F.2d at 841; *DeMartino,* 116 F.3d 1489; *Zaring v. Davis,* 12-cv-00944-CMA, 2012 WL 3590913, at *4 (D. Colo. Aug. 21, 2012) (unpublished). Accordingly, the BOP correctly designated *nunc pro tunc* the CDOC facility for service of Applicant's federal sentence from the date it was imposed, June 2, 2010, so as to achieve the intent of the federal sentencing court in imposing a sentence to run concurrently with Applicant's state sentence.

**B. Prior Custody Credit**

Applicant's central argument is that the BOP is required to consider his request for credit against his federal sentence for the time he spent in state custody prior to the imposition of the federal sentence on June 2, 2010. [#4 at 2-10, 15-16; #18 at 1, 9].

In contrast, Respondent contends that an award of prior custody credit for the

time period Applicant seeks is prohibited because it would constitute double credit contrary to the provisions of 18 U.S.C. § 3385(b). [#17 at 6-7, 10–12]. Respondent asserts that prior custody credit may only be granted for time spent in federal detention or other custody for which Applicant did not receive credit towards another sentence. [*Id.*] .

Applicant does not challenge Respondent's assertion that Applicant received credit against his state sentence from November 24, 2010, the date Applicant was sentenced in state court, until his federal sentence commenced on June 2, 2010. [#11-1 at 26-27; #17-11]. Applicant, however, seeks credit against his federal sentence for this same period of custody, which was prior to the commencement of his federal sentence and has already been credited against his state sentence. [#11-1 at 13, 26, 32; #17 at 11]. I conclude that Applicant is not entitled to additional credit against his federal sentence because "Congress made clear [in enacting § 3585(b)] that a defendant could not receive a double credit for his detention time." *Wilson,* 503 U.S. at 337; *see also Zaring,* 2012 WL 3590913, at *4 (finding that applicant was not entitled to additional credit against his federal sentence for time he spent in custody serving his state sentence because § 3585(b) prohibits double-counting of custody credit); *Cathcart v. United States Bureau of Prisons,* No.99-6424, 211 F.3d 1277 (10th Cir. May 4, 2000) (unpublished) (Section 3585(b) prohibits petitioner from receiving credit for time served in federal custody where that time had been credited against his state sentence); *Azure v. Gallegos,* Nos. 03-1375, 03-8047, 03-8090, 97 Fed. Appx. 240, 244 (10th Cir. March 26, 2004) (unpublished) (affirming district court's finding that § 3585(b) "prohibits credit for pre-sentencing confinement if that time was applied to a previously-imposed

10

sentence"); *O'Bryan v. Wiley,* No. 07-1328, 261 Fed. Appx. 117 (10th Cir. Jan. 17, 2008) (unpublished) (affirming district court's finding that prisoner was not entitled to prior custody credit for time already credited against previous sentences).

### C. Concurrent Sentence

Applicant asserts that his *nunc pro tunc* request is consistent with the federal sentencing court's order that his federal sentence run concurrently with his previously imposed Colorado sentence pursuant to United States Sentencing Guideline § 5G1.3(b).  Applicant, however, fails to mention that in imposing a concurrent sentence, the federal sentencing court appears to have imposed a federal sentence to run concurrently with the *undischarged* portion of the earlier-imposed state sentence.  *See* 18 U.S.C. § 3584 (providing that "if a term of imprisonment is imposed on a defendant who is already subject to an *undischarged* term of imprisonment, the terms may run concurrently or consecutively) (emphasis added).  "Logically, [a federal sentence] cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served." *DeMartino,* 116 F.3d 1489; *see also Shelvy v. Whitfield,* 718 F.2d 441, 444 (D.C. Cir. 1983) ("[A] federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner. Rather, the second sentence runs together with the remainder of the one then being served.").  Thus, the fact that Applicant's federal sentence was ordered to run concurrently with his state sentence does not change the prohibition against double credit under § 3585(b).

There is no evidence that the sentencing court intended to grant any adjustment for time served under the state sentence prior to commencement of the federal

sentence on June 2, 2010. [#11-1 at 16].  Moreover, a sentencing court does not have authority to grant prior custody credit under § 3585(b).  *See Wilson,* 503 U.S. at 333 (the authority to grant prior custody credit is vested with the Attorney General, acting through the BOP); *see also Torres v. Brooks,* No. 99-1321, 203 F.3d 836 (10th Cir. Feb. 15, 2000) (unpublished) (notwithstanding statement by federal sentencing judge that petitioner should receive credit for time spent in state custody prior to commencement of federal sentence, petitioner not entitled to credit for this period because § 3585(b) prohibits such double credit).  Therefore, I find that the BOP correctly determined that Applicant is not entitled to prior custody credit for the time he spent in official detention serving a state sentence prior to the imposition of his federal sentence where that same period has been credited against his state sentence.

Applicant relies on three decisions to support his argument that the BOP should consider his *nunc pro tunc* request.  *See Reynolds v. Thomas,* 603 F.3d 1144, 1150 (9th Cir. 2010) (holding that BOP acted within its broad discretion to grant or deny a request for *nunc pro tunc* relief after full and fair consideration); *McCarthy v. Doe,* 146 F.3d 118, 123 (2nd Cir. 1998) (holding that BOP failed to properly consider applicant's request for *nunc pro tunc* designation); and *Barden v. Keohane,* 921 F.d 476, 478 (3rd Cir. 1990) (recognizing that the BOP has the statutory authority to designate *nunc pro tunc* a prisoner's state facility as the place of confinement for his federal sentence where: the petitioner asserts that the designation is necessary to carry out the intention of the state sentencing court that his state sentence be served concurrently with his existing federal sentence; and, the federal judgment is silent as to whether the federal sentence would run consecutively to or concurrently with any future state sentence).

12

First, these cases are not binding precedent.  Second, they are distinguishable from this case because they involve the BOP's designation of the state facility *nunc pro tunc* for service of the federal sentence, where the state court has ordered a state sentence to run concurrently with an existing federal sentence.  Thus, in all three cases, the prisoner was initially sentenced in federal court and was not serving a state sentence at the time of federal sentencing..  Here, Applicant was already serving his state sentence when he received his federal sentence.  [#4 at 10; #17-1 at 9, 17]. Applicant does not cite any authority, nor is the Court aware of any, to hold that a federal sentence may be designated *nunc pro tunc* to commence before it is imposed by the federal district court.  *See Flores,* 616 F.2d at 841; *Zaring,* 2012 WL 3590913 at *4.

Because Applicant's federal sentence did not commence until June 2, 2010, he is not entitled to any credit toward his federal sentence for time spent in custody prior to that date.  In short, Applicant was not serving his state and federal sentences concurrently until June 2, 2010.  *See Azure,* 97 Fed. Appx. at 244 (rejecting petitioner's argument that his federal and state sentences were not fully concurrent unless his federal sentence was deemed commenced from the date of the federal charge; instead, the concurrent sentence imposed by federal district court caused petitioner's state and federal sentences to run concurrently from the date of federal sentencing).  Based on the above findings, Applicant's claim lacks merit and the Application will be denied.

## IV.  ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1.  That the **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. §
2241** [#4] is **DENIED**;

2.  That this case is **DISMISSED**; and

3.  That leave to proceed *in forma pauperis* on appeal is denied; I certify pursuant
to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and,
therefore, *in forma pauperis* status is denied for the purpose of appeal, *see Coppedge
v. United States*, 369 U.S. 438 (1962); and if Applicant files a notice of appeal, he must
pay the appellate filing fee of $505.00 or file a motion to proceed *in forma pauperis* in
the United States Court of Appeals for the Tenth Circuit within thirty days in accordance
with Fed. R. App. P. 24.

Dated May 29, 2014, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

14